FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 30 2010 ★

BROOKLYN OFFICE

10 5533

GARAUFIS, J.

CARTER, M.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

EDMUND D. HARRISON,

        Plaintiff,                  Index No.

   -against-                     COMPLAINT

LUX MUNDI PRESS DOO, a Serbian
Corporation, and STEVAN V. NIKOLIC,

        Defendants.
-------------------------------------------------------x

    EDMUND D. HARRISON, by his attorney, Ira Greene, Esq., complains of the Defendants as follows:

    **First**: EDMUND D. HARRISON, hereinafter "HARRISON," is a citizen of the State of New York and resides in the County of Queens, State of New York, at 92-31 57th Avenue, Apartment 3E, Elmhurst, New York 11373, a location within the jurisdiction of the United States District Court for the Eastern District of New York.

    **Second**: The Defendant, LUX MUNDI PRESS DOO, hereinafter "LUX," is a foreign corporation chartered by a foreign nation, to wit, Serbia, on June 16, 2009. "DOO" is the Serbian acronym indicating that an entity is incorporated. LUX has its principal place of business and headquarters in Serbia at the following address: Bulevar Vojvode Misica, Hala 5, 11000, Belgrade, Serbia.

**Third:** The Defendant, STEVAN V. NIKOLIC, hereinafter "NIKOLIC," is a domiciliary and resident of Serbia and is the principal officer and shareholder of the Defendant, LUX. NIKOLIC does business and/or resides at Bulevar Vojvode Misica, Hala 5, Belgrade, Serbia.

**Fourth:** The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 (a) (4), diversity of citizenship, in that (a) the Plaintiff, HARRISON, is a citizen and domiciliary of the State of New York and resides in Queens County, and that (b) the Defendant, LUX, is a corporation chartered and headquartered in Serbia, and that (c) the Defendant, NIKOLIC, is a resident and domiciliary of Serbia, and that (d) the claims of the Plaintiff, HARRISON, against the Defendants LUX and NIKOLIC exceed the sum of Seventy-Five Thousand ($75,000.00) Dollars, and that (e) the acts underlying the claims asserted in this Complaint took place within the Counties of Queens and Kings, to wit, within the geographic jurisdiction of the United States District Court for the Eastern District of New York.

## STATEMENT OF CLAIMS

**Fifth:** This action arises as the result of the failure of the Defendants to honor financial obligations made to the Plaintiff. That the Plaintiff, HARRISON, was induced by the Defendants to make multiple loans in excess of One Hundred Thousand Dollars to the Defendants to further the Defendants' business of publishing books in the Serbian language and Serbian language books in the English language.

**Sixth**: That on April 1, 2009, the Plaintiff, HARRISON, loaned to the Defendant, NIKOLIC, Five Thousand ($5,000.00) Dollars, none of which has been repaid.

**Seventh**: That on May 28, 2009, in the County of Kings, the Defendant, NIKOLIC, received a loan from the Plaintiff and executed a promissory note in favor of the Plaintiff in the sum of Twenty-Four Thousand Two Hundred Fifty One ($24,251.91) Dollars and Ninety-One Cents to be paid back at a rate of Ten (10%) per annum at a rate of Nine Hundred (900.00) Dollars per month. This note has not been assigned by the Plaintiff. Since the Defendant, NIKOLIC, has failed to make any payments to the Plaintiff under the terms of the promissory note, the entire principal balance has accelerated and is due to the Plaintiff with all accrued interest. A copy of said promissory note is annexed hereto as Exhibit "A".

**Eighth**: That on November 4, 2009, the Defendant LUX, received a loan from the Plaintiff, HARRISON, and executed a promissory note in favor of the Plaintiff in the sum of Fifty-Thousand ($50,000.00) Dollars to be paid back at a rate of Ten (10%) per annum in monthly payments of One Thousand Two Hundred (1,200.00) Dollars per month. This note has not been assigned by the Plaintiff. Since the Defendant, LUX has failed to make any payments to the Plaintiff under the terms of the promissory note, the entire principal balance has accelerated and is due to the Plaintiff with all accrued interest. A copy of said promissory note is annexed hereto as Exhibit "B".

**Ninth:** That from November 24, 2009 through June 8, 2010, the Defendants NIKOLIC and LUX borrowed from the Plaintiff, HARRISON, additional sums of money totaling Fifty-Five Thousand Fifty ($55,050.85) Dollars, none of which has been repaid to the Plaintiff.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE DEFENDANT, STEVAN D. NIKOLIC

**Tenth:** Plaintiff HARRISON repleads paragraphs First through Ninth of the Complaint with the same force and effect as originally alleged.

**Eleventh:** That despite multiple demands from HARRISON, Defendant NIKOLIC has failed to repay to Plaintiff HARRISON, the Five Thousand ($5,000.00) Dollars he borrowed from HARRISON on April 1, 2009. That as a result of NIKOLIC's failure to repay the loan, HARRISON seeks a money judgment against NIKOLIC in the sum of Five Thousand ($5,000.00) Dollars.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE DEFENDANT, STEVAN D. NIKOLIC

**Twelfth:** Plaintiff HARRISON repleads paragraphs First through Ninth of the Complaint with the same force and effect as originally alleged.

**Thirteenth:** That despite multiple demands from HARRISON, the Defendant NIKOLIC has failed to make any payments due HARRISON pursuant to the promissory note

NIKOLIC executed in favor of HARRISON in the principal sum of Twenty-Four Thousand Two Hundred Fifty One ($24,251.91) Dollars and Ninety-One Cents on May 28, 2009. That consequently, HARRISON seeks a money judgment against NIKOLIC in the sum of Twenty-Four Thousand Two Hundred Fifty One ($24,251.91) Dollars and Ninety-One Cents together with accrued interest from May 28, 2009, and reasonable attorneys fees as set forth in the body of the promissory note.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST LUX MUNDI PRESS DOO

**Fourteenth**: Plaintiff HARRISON repleads paragraphs First through Ninth of the Complaint with the same force and effect as originally alleged.

**Fifteenth**: That despite multiple demands from HARRISON, the Defendant LUX has failed to make any payments due HARRISON pursuant to the promissory note NIKOLIC executed in favor of HARRISON in the principal sum of Fifty Thousand ($50,000.00) Dollars on November 4, 2009. That consequently, pursuant to its terms, said note has accelerated, and HARRISON now seeks a money judgment, on the note, against LUX in the sum of Fifty Thousand ($50,000.00) Dollars together with accrued interest from November 4, 2009 and reasonable attorneys fees as set forth in the body of the promissory note.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST THE DEFENDANTS LUX and NIKOLIC, JOINTLY AND SEVERALLY

**Sixteenth**: Plaintiff HARRISON repleads paragraphs First through Ninth of the Complaint with the same force and effect as originally alleged.

**Seventeenth**: That despite multiple demands from the Plaintiff, the Defendants NIKOLIC and LUX have failed to pay to the Plaintiff, HARRISON, any of the monies totaling Fifty-Five Thousand Fifty ($55,050.85) Dollars they borrowed from HARRISON from November 24, 2009 through June 8, 2010, none of which has been repaid to the Plaintiff. That consequently, HARRISON now seeks a money judgment against NIKOLIC and LUX, jointly and severally, for this sum with interest from the 24th day of November, 2009.

WHEREFORE, Plaintiff demands judgment against the Defendant, STEVAN D. NIKOLIC, (a) on the First Cause of Action, in the sum of Five Thousand ($5,000.00) Dollars, together with interest from the 1st day of April, 2009, and (b) on the Second Cause of Action, in the sum of Twenty-Four Thousand Two Hundred Fifty One ($24,251.91) Dollars and Ninety-One Cents together with accrued interest from the 28th day of May, 2009 and reasonable attorneys fees as set forth in the promissory note, and against the Defendant, LUX MUNDI PRESS DOO, on the Third Cause of Action, in the sum of Fifty Thousand ($50,000.00) Dollars together with accrued interest from the 4trh day of November, 2009 and reasonable attorneys fees as set forth in the body of the

promissory note, and against the Defendants, STEVAN D. NIKOLIC and LUX MUNDI PRESS DOO, on the Fourth Cause of Action, in the sum of Fifty-Five Thousand Fifty ($55,050.85) Dollars and Eighty-Five Cents jointly and severally, with interest from the 24th day of November, 2009.

Dated: November 24, 2010

Yours, etc.,

IRA GREENE
Attorney for Plaintiff Harrison
26 Court Street, Suite 810
Brooklyn, New York 11242
(718) 858-0200

7



## Promissory Note

On this date of May 28, 2009 in return for valuable consideration received, the undersigned borrower  severally promise to pay to Edmund Dale Harrison, the "Lender", the sum of $...24,251.91............——Dollars, together with interest thereon at the rate of ...10.. percent (%) per annum.

**Terms of Repayment (Periodic Payment):** Starting on June 16th 2009 and continuing until the principal balance of this Note and any accrued interest have been repaid in full, on the 16th day of each month the borrowers shall pay the amount of $900. All payments shall be first applied to interest and the balance to principal.

**Late Fees:** In the event that a payment due under this Note is not made within ten (10) days of the time set forth herein, the Borrower shall pay an additional late fee in the amount of ....10.. percent of said payment.

**Place of Payment** - all payments due under this note shall be made at City Bank Acc. No...733 58847............, or at such other place as the holder of this Note may designate in writing.

**Prepayment** - This Note may be prepaid in whole or in part at any time without premium or penalty. All prepayments shall first be applied to interest, and then to principal payments in the order of their maturity.

**Default** - In the event of default, the borrower[ agree to pay all costs and expenses incurred by the Lender, including all reasonable attorney fees (including both hourly and contingent attorney fees as permitted by law) for the collection of this Note upon default, and including reasonable collection charges (including, where consistent with industry practices, a collection charge set as a percentage of the outstanding balance of this Note) should collection be referred to a collection agency.

**Acceleration of Debt** - In the event that the borrower[s] fail to make any payment due under the terms of this Note, or breach any condition relating to any security, security agreement, note, mortgage or lien granted as collateral security for this Note, seeks relief under the Bankruptcy Code, or suffers an involuntary petition in bankruptcy or receivership not vacated within thirty (30) days, the entire balance of this Note and any interest accrued thereon shall be immediately due and payable to the holder of this Note.

**Modification** - No modification or waiver of any of the terms of this Agreement shall be allowed unless by written agreement signed by both parties. No waiver of any breach or default hereunder shall be deemed a waiver of any subsequent breach or default of the same or similar nature.

**Transfer of the Note** - The borrowers hereby waive any notice of the transfer of this Note by the Lender or by any subsequent holder of this Note, agree to remain bound by the terms of this Note subsequent to any transfer, and agree that the terms of this Note may be fully enforced by any subsequent holder of this Note.

**Severability of Provisions** - In the event that any portion of this Note is deemed unenforceable, all other provisions of this Note shall remain in full force and effect.

**Choice of Law** - All terms and conditions of this Note shall be interpreted under the laws of The State of New York.

Signed Under Penalty of Perjury, this 28 day of May, 2009,

_____
Borrower
Stevan V. Nikolic
1335 East 12th Street, Apt. 4B
Brooklyn, NY
11230

Signed in the presence of:

_____
Witness



## Promissory Note

On this date of November 4th 2009, in return for valuable consideration received, the undersigned borrower promise to pay to Edmund Dale Harrison, the "Lender", the sum of $ 50.000 (Fifty Thousand Dollars), together with interest thereon at the rate of 10 percent (%) per annum.

**Terms of Repayment (Periodic Payment)**: Starting on November 15th 2009 and continuing until the principal balance of this Note and any accrued interest have been repaid in full, on the 15th day of each month the borrowers shall pay the amount of $1200.00. All payments shall be first applied to interest and the balance to principal.

**Late Fees**: In the event that a payment due under this Note is not made within ten (10) days of the time set forth herein, the Borrower shall pay an additional late fee in the amount of 10% of said payment.

**Place of Payment** - all payments due under this note shall be made at City Bank Account No. 73358847, or at such other place as the holder of this Note may designate in writing.

**Prepayment** - This Note may be prepaid in whole or in part at any time without premium or penalty. All prepayments shall first be applied to interest, and then to principal payments in the order of their maturity.

**Default** - In the event of default, the borrower[s] agree to pay all costs and expenses incurred by the Lender, including all reasonable attorney fees (including both hourly and contingent attorney fees as permitted by law) for the collection of this Note upon default, and including reasonable collection charges (including, where consistent with industry practices, a collection charge set as a percentage of the outstanding balance of this Note) should collection be referred to a collection agency.

**Acceleration of Debt** - In the event that the borrower[s] fail to make any payment due under the terms of this Note, or breach any condition relating to any security, security agreement, note, mortgage or lien granted as collateral security for this Note, seeks relief under the Bankruptcy Code, or suffers an involuntary petition in bankruptcy or receivership not vacated within thirty (30) days, the entire balance of this Note and any interest accrued thereon shall be immediately due and payable to the holder of this Note.

**Modification** - No modification or waiver of any of the terms of this Agreement shall be allowed unless by written agreement signed by both parties. No waiver of any breach or default hereunder shall be deemed a waiver of any subsequent breach or default of the same or similar nature.